## ANONYMOUS.

*New York Common Pleas ; General Term, April,* 1856.

### EXAMINATION OF PARTIES.—COUNTER-CLAIM.

The defendant was examined by the plaintiff on the trial ; after which, being examined upon his own behalf, he testified to a counter-claim that existed previous to the indebtedness upon which the action was brought.—*Held,* that the plaintiff was properly admitted to testify as to this new matter.

Under a general objection to the competency of a witness, objections to the competency of individual answers given by him, cannot be raised.

Appeal from a judgment.

INGRAHAM, F. J.—The defendant was examined by the plaintiff on the trial, and proved the execution by him of the lease of the premises for the rent of which the action was brought ; and was then examined on his own behalf, and proved a counter-claim that existed previous to giving the lease, for rent of part of the premises which the plaintiff occupied under the defendant. He also proved that the plaintiff agreed to deduct from the last quarter's rent, on the new lease, the amount so due from him previously. The plaintiff then offered himself as a witness, in reference to the new matter testified to by the defendant, and was received as a witness, the defendant objecting thereto, upon the ground " that he had testified to no new matter except what went to discharge his liability, as established by his direct examination."

Such an objection, if sustained, would permit any defendant, after being examined as to the matters for which the action is brought, to prove on his own behalf a counter-claim, because it would go to discharge his liability ; and having so proved a counter-claim, if the same was more than sufficient to discharge the liabilty, it would entitle him to a judgment for the balance, without allowing the plaintiff to be heard in answer thereto. So far as the plaintiff offered himself as a witness in reference to the counter-claim proved by the defendant, I have no doubt that he was properly admitted. That point was examined by the general term of this court in Har-

pell *v.* Irwin, (1 *Abbotts' Pr. R.*, 144), and this court held that where the defendant proved a counter-claim, as set up in his answer, to discharge a debt which he by his evidence had charged himself with, the plaintiff had a right to testify as to such counter-claim.

If in this case the defendant had merely stated the agreement between himself and the plaintiff to apply previous indebtedness to the satisfaction of the claim for which the action is brought, there might be some reason for the ground assumed on the part of the plaintiff.

In such a case he would have been required to establish the counter-claim by other evidence. But when the defendant was examined, for the purpose of proving the origin of the previous indebtedness, he then opened the door for the plaintiff's examination on the same subject.

It may be that some of the answers given by the plaintiff should have been excluded, if the objection had been made to them at the time, but as the objection was general to the whole examination, it cannot now be taken to any particular answer.

Upon the merits we cannot interfere. The evidence would have sustained the finding for either party, and when this is the case, we do not interfere with the judgment.

The judgment should be affirmed.